UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MICHAEL IVY                                                              PETITIONER

V                                                                        NO. 1:08CV227-GHD-JAD

JACQUELYN BANKS, ET AL                                                   RESPONDENTS

REPORT AND RECOMMENDATION

The respondents have moved to dismiss(Doc. 11) this petition pursuant to 28 U.S.C. §2254, on the ground that the petition is barred by the statute of limitations. The petitioner has not filed a response.

28 U.S.C. §2244(d) provides:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing a application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Ivy was convicted of one count of sexual battery and one count of fondling in Lowndes

County Circuit Court. On December 1, 2005, he was sentenced as an habitual offender to serve life in prison on the sexual battery charge and 15 years on the fondling charge. The Mississippi Supreme Court affirmed the convictions and sentences on February 22, 2007. With the addition of 90 days that is permitted for the filing of a petition for writ of certiorari with United States Supreme Court, the judgment became final on May 23, 2007. Ivy's motion for postconviction relief was signed on February 5, 2008 and filed with the Mississippi Supreme Court on February 8, 2008. The motion was denied on March 19, 2008. With the tolling of the running of the statute of limitations for the period of pendency of the state postconviction motion, Ivy's habeas petition was due to be filed in this court on or before July 7, 2008.

The petition was stamped filed with this court on September 15, 2008. It was not dated. Even allowing a full week for mailing through the prison mailing system, the petition was not timely filed. Accordingly, it is recommended that the State's motion be granted and this petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 22nd day of June, 2009.

/s/ Jerry A. Davis
U. S. MAGISTRATE JUDGE